# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THULE, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT PRODUCT AUTHORITY, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> FILE NO. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Thule, Inc. ("Thule") as and for its complaint against Defendant Home Depot Product Authority, LLC, ("Home Depot") alleges the following:

## NATURE OF THE ACTION

1. This is a breach of contract action to stop ongoing losses and to recover for past losses suffered by Thule due to Home Depot's improper deductions on product orders in contravention of the parties' Supplier Buying Agreement.

2. Thule brings this suit seeking performance of the contract including a mediation clause, damages, costs, and other relief as the Court deems appropriate.

112522526.1

## PARTIES

3. Thule, Inc. is a corporation organized and existing under the laws of Connecticut with its principal place of business at 42 Silvermine Road, Seymour, Connecticut 06483.

4. Home Depot Product Authority, LLC, is a limited liability company organized and existing under the laws of Georgia with its principal place of business located 2455 Paces Ferry Road, Atlanta, Georgia 30339, USA.

## JURISDICTION AND VENUE

5. This action is for breach of contract, to enforce a mediation clause, and to recover for amounts due on account for goods received.

6. This Court has jurisdiction over this matter in controversy because the parties are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over the Defendant because Defendant does business in Georgia and Defendant should therefore anticipate being haled into Court in this State and District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Thule offers several series of products ranging across different sales categories including automobile accessories such as roof boxes, bike, ski, and kayak carriers.

10. Home Depot is a home improvement supplies retailing company that sells tools, construction products, and services.

11. Thule and Home Depot are parties to a Supplier Buying Agreement that governs the business terms applicable to Home Depot's purchasing of products from Thule ("2016 SBA"). *See* 2016 SBA attached as Exhibit A.

12. In early 2017, as the result of an internal audit of its accounts receivable, Thule identified that Home Depot was applying an unwarranted deduction on past orders resulting in a significant underpayment by Home Depot.

13. Upon information and belief, Home Depot improperly deducted three percent (3%) of the gross purchases from each invoice.

14. Upon information and belief, Home Depot applied the three percent (3%) deduction on the basis of a MET Allowance that had been in effect under a prior agreement between the parties.

112522526.1

15. Thule's previous Supplier Buying Agreement with Home Depot dated March 9, 2015, included a three percent (3%) MET Allowance ("2015 SBA").

16. The 2016 SBA, however, does not include a MET Allowance.

17. The 2016 SBA includes a merger clause, which provides that the 2016 agreement is fully integrated and supersedes all prior negotiations, and agreements between the parties, including the 2015 SBA.

18. Accordingly, Home Depot's continued assessment of the three percent (3%) deduction for orders placed under the 2016 SBA was, and remains, improper.

19. Home Depot continues to apply this discount to current invoices.

20. Thule has suffered damages due to Home Depot's underpayment on goods received.

21. The continued improper deduction has led to an underpayment by Home Depot of at least $478,132.00 for goods received from Thule. *See* Spreadsheet Summary of Monthly Revenue on which Home Depot erroneously applied a 3% MET, attached as Exhibit B.

22. On March 13, 2017, Thule provided notice to Home Depot of the discrepancy and requested payment of the outstanding balance. *See* March 13, 2017 letter from Thule to Home Depot, attached as Exhibit C.

23. Home Depot acknowledged receipt of the March 13, 2017 letter.

24. Since that time, despite consistent follow-up from both Thule and its counsel, Home Depot has neither made payment of the outstanding balance nor substantively responded to Thule regarding the matter.

25. Section 6.4(a) of the 2016 SBA includes a mandatory Mediation Clause requiring that "[a]ny dispute arising out of, relating to or concerning this SBA . . . shall, as a condition precedent to any arbitration or court proceeding, be mediated by the parties. The requesting party shall inform the other party the grounds of the dispute. The parties shall mutually agree upon a mediator and shall schedule and conduct the mediation at a mutually convenient time in Atlanta, GA." ("Mediation Clause")

26. Thule has provided notice to Home Depot of the dispute, and requested mediation, but Home Depot has not responded. *See* June 26, 2017 letter and July 17, 2017 reminder letter from Thule to Home Depot, attached as Exhibit D.

27. While the Mediation Clause requires mediation prior to initiation of any court proceeding, Thule is unable to comply with the Mediation Clause prior to filing the instant lawsuit.

28. Home Depot's refusal to acknowledge the dispute or engage in mediation of the dispute excuses Thule's nonperformance of the condition precedent in the Mediation Clause.

29. Thule now seeks Court intervention to enforce the terms of the 2016 SBA, including the Mediation Clause.

## COUNT I
## BREACH OF CONTRACT

30. Thule repeats and realleges each of the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Home Depot has a contractual obligation to pay Thule as described above.

32. Thule has fulfilled all of its obligations pursuant to the terms of the 2016 SBA.

33. Home Depot has breached the Agreement by failing and refusing to pay Thule the monies to which it is entitled.

34. Home Depot has further breached the Agreement by refusing to participate in mediation pursuant to the Mediation Clause.

35. As a direct and proximate result of said breach, Thule has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Thule respectfully requests the following relief:

A. That this Court issue an order compelling Home Depot to mediate the instant dispute, pursuant to the 2016 SBA entered into by the parties.

B. That a judgment be entered against Home Depot in an amount to be determined at trial, but no less than $478,132.00.

C. That this Court grant such other relief as it deems just and equitable.

A TRIAL BY JURY IS REQUESTED FOR ALL ISSUES TRIABLE AS OF RIGHT BY JURY.

Respectfully submitted this 4th day of August, 2017.

CARLTON FIELDS JORDEN BURT, PA

By: /s/ *Gail E. Podolsky*
Gail E. Podolsky
Georgia Bar No. 142021
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
(404) 815-2714
(404) 815-3415 (fax)
gpodolsky@carltonfields.com

Matthew C. Wagner (to be admitted *pro hac vice*)
Jane C. Christie (to be admitted *pro hac vice*)
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP
One Atlantic Street
Stamford, Connecticut  06901
(203) 358-0800
(203) 348-2321 (fax)
mwagner@dmoc.com
jchristie@dmoc.com

***Attorneys for Plaintiff***